**Jacob E. Hansen, Appellee, v. Sarah J. Cole et al., on appeal of Michael Salter, Appellant.**

**Gen. No. 18,916. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 7, 1914. Rehearing denied October 19, 1914.

### Statement of the Case.

Action by Jacob E. Hansen to foreclose a trust deed given by Sarah J. Cole and F. R. Cole, her husband, to secure the payment of certain obligations held by Hansen. Eben F. Runyan, the trustee named in the conveyance, and also Michael Salter, Elizabeth Salter and Libbie Salter, subsequent mortgagees, were made defendants. The Hansen trust deed was subject to a prior one given to secure other substantial obligations of the Coles, but neither the trustee named in the first trust deed nor the holders of the obligations secured thereby were made parties to this proceeding. The rents and profits of the premises were conveyed by the Hansen trust deed as part of the security, but they were not so conveyed by the Salter mortgage. On the day following the filing of the bill a receiver was ap-

pointed by the court, under and solely because of the provisions of the Hansen trust deed, to collect the rents and profits of the premises described therein. There was no finding that the Coles were insolvent. The Salters were nonresidents and notice to them of the pendency of this suit was published. They did not appear and were defaulted. On February 18, 1904, a decree of foreclosure and sale was entered. On February 29, 1904, Sarah J. Cole, the owner of the equity of redemption, conveyed the premises to Elsie K. Hansen, wife of complainant. On March 17, 1904, the premises were sold by the master to the complainant, Hansen, for the amount found due him, together with interest thereon and costs of court and the expenses of sale. The amount found due the complainant included interest paid by him on the obligation secured by the first trust deed. Later, by leave of court, the Salters filed answers to the bill of complaint and also filed a petition asking that the receiver be required to report his acts and doings as such and that the receivership "be extended to and include the answers" of the Salters, and their claims set up in said answers. They also, on December 30, 1904, filed a cross-bill in which they seek a decree directing an accounting of rents and profits of said premises due from Jacob E. Hansen and collected as rents by the receiver, and that the amount found due on such accounting be turned over to them to the extent of their claims under their mortgage. Sarah J. Cole, F. R. Cole, Jacob E. Hansen and Elsie K. Hansen all answered the cross-bill. On March 25, 1905, the receiver, pursuant to an order of court, filed his reports of moneys received from September 22, 1903, the date of his appointment, to March 17, 1904, the date when the premises were sold under the decree of foreclosure, and of moneys paid out by him from the said date of his appointment to March 23, 1905, the date of his report. The Salters objected to this report and the

same, together with the objections thereto, were on April 3, 1905, referred to a master in chancery, to whom the cause had already been referred, to take proofs and report his conclusions thereon. On May 27, 1907, the master filed a report to which Jacob E. Hansen and the two Coles had filed objections before the master, which had been overruled. On September 22, 1911, the Salters filed, without leave of court, some amendments to their cross-bill by which amendments they undertook to change it to one for leave to redeem from the sale of March 17, 1904. This amendment was stricken from the files because presented too late and without leave of court. On April 24, 1912, the master filed another report, finding that the receiver still had in his hands six hundred dollars of funds collected by him and not expended; that it belonged to Sarah J. Cole as the owner of the equity of redemption, and recommended that a decree be entered directing the receiver to pay that sum to her. The master further found that the Salters were not entitled to any portion of that fund or to any claim against the receiver, and recommended that their cross-bill be dismissed for want of equity. To this report the Salters filed no objections or exceptions. The exceptions of the Coles to the first report of the master were ordered to stand as their exceptions to the last report. On June 19, 1912, a decree was entered in which all exceptions to the master's report were overruled, and the court found that there was six hundred dollars in the receiver's hands undistributed; that Sarah J. Cole, was entitled to it; that the Salters were not entitled to any of it; or to any claim against the receiver, and that there was no equity in their cross-bill and ordered that the receiver pay to Sarah J. Cole the six hundred dollars found to be in his hands; that the receiver's report be approved, except as modified by the decree; that the cross-bill of the receiver be dismissed for want of equity and that the decree of foreclosure entered Feb-

ruary 18, 1904, and all proceedings thereunder be confirmed. From the decree, Michael Salter appeals.

The appellant assigned several errors, but the only injury he claimed to have suffered by reason of. the decree appealed from was that he was thereby deprived from having the rents derived from the mortgaged premises during the pendency of the foreclosure proceedings and until the expiration of the equity of redemption applied to the obligation held by him against the mortgagor.

WILLIAM SLACK and JOHN C. WILSON, for appellant.

CYRUS HEREN, for appellee Hansen.

ROSENTHAL· & HAMILL, for Cole *et al.;* NICHOLAS R. JONES, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1206*—*parties not entitled to reversal.* A judgment or decree will never be reversed at the instance of a party whose rights are in no way injuriously affected thereby.

2. MORTGAGES, § 738*—*right to rents during period of redemption.* The rents of mortgaged premises when not pledged as additional security belong to the owner of the equity of redemption until the expiration of the period of redemption, provided that where the debtor is the owner of the equity of redemption and there is a deficiency decree, or it is otherwise made to appear that the pledged premises are scant security, and there is a finding that the obligors are insolvent, a receiver may be appointed to collect the rents during the period of redemption, to be applied in payment of the deficiency decree that has been or may be entered.

3. MORTGAGES, § 546*—*when junior mortgagee not entitled to rents during period of redemption.* A junior mortgagee made .a party defendant in a foreclosure proceeding, *held* not entitled on his cross-bill to a decree awarding him the rents of the premises during the period of redemption, where it appeared that his mort-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gage did not convey the rents as additional security, and the allegations of his cross-bill that the premises were scant security and the mortgagors were insolvent were not supported by any evidence, and there was no finding in the decree concerning them, and it also appeared the cross-bill was not filed until after the owner of the equity of redemption had conveyed his interest to another for a valuable consideration without assuming such junior mortgage.

4. RECEIVERS, § 20*—*powers of.* A receiver is an officer of the court and holds the funds in his hands for the benefit of the persons the court shall find are entitled thereto.

5. PROCESS, § 74*—*when party cannot complain of defective service by publication.* Objection by a party defendant that service by publication upon him was defective comes too late, where after a default decree was entered against him he filed his general appearance and obtained leave to file an answer and cross-bill and he was fully heard on the issues made by them, and it also appearing that the default decree was *not* confirmed until after seven years of litigation.

6. MORTGAGES, § 716*—*when cross-bill to redeem properly stricken.* An amended cross-bill by a junior mortgagee to redeem from a foreclosure sale, *held* properly stricken from the files for the reason the right to redeem was barred by limitations, where it was filed without leave of court nearly seven years after he had entered his appearance in the case and filed his original cross-bill and more than seven years after the foreclosure sale.